IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANGEL GABINO-GONZALEZ,<br><br>    Defendant. | 8:14CR356<br><br>ORDER |

  This matter is before the court on the defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 147, and on counsel's motion to withdraw, Filing No. 151.  The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Counsel was appointed to represent the defendant under the court's general order.  *See* General Order No. 2016-07, *In Re Petitions Arising Under Johnson v. United States*, 135 S. Ct. 2551 (2015); Filing No. 148.

  In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another," as unconstitutionally vague. *Id.* at 2557.  The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony.  18 U.S.C. § 924(e).  Under *Johnson*, imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. *Johnson,* 135 S. Ct. at 2563.  The Supreme Court has also found *Johnson* is retroactive in cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The court has reviewed the record and finds *Johnson* has no application to this case. The record shows that the defendant was sentenced, pursuant to a plea agreement, to a prison term of 109 months for conspiracy to distribute methamphetamine, cocaine and crack cocaine in violation of 21 U.S.C. § 846. Filing No. 124, Judgment. His sentence was not enhanced under the ACCA, nor did he receive a career offender enhancement under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. *See* Filing No. 120, Second Revised Presentence Investigation Report (sealed) ("PSR") at 8-9. His sentence was based on a plea agreement and drug quantity and was enhanced for possession of a firearm. *Id.* at 8.

Gambino-Gonzalez's sentence was not based on the residual clause of the ACCA. No definitions of "crimes of violence" were implicated and no prior conviction was used to enhance the defendant's sentence. Therefore, the *Johnson* decision is inapplicable, here, and the defendant's claim fails.

The court finds it plainly appears from the face of the motion and the record that the defendant is not entitled to relief, and his motion is subject to dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Counsel has shown that there are no non-frivolous claims for relief under *Johnson* and the court finds counsel should be allowed to withdraw. Further, there appears to be no need for a hearing and the hearing previously scheduled herein will be cancelled.

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the

issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Moreover, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

The court finds the defendant's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, no certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue. Should the defendant wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson,* 122 F.3d 518, 520-22 (8th Cir. 1997). Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant's motion to vacate, set aside, or correct his sentence (Filing No. 147) is denied.

2. Counsel's motion to withdraw (Filing No. 151) is granted.

3. The hearing scheduled for November 21, 2016 at 11:30 AM in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon is cancelled.

4. No certificate of appealability pursuant to 28 U.S.C. § 2253(c) will issue.

5. This action is dismissed.

6. A judgment in conformity with the Memorandum and Order will issue this date.

Dated this 28th day of July, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge